UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DARRELL GREENWOOD** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. V-07-78 |
| v. | § | |
| | § | |
| **CITY OF YOAKUM, et al.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendants' Motion to Dismiss (Dkt. No. 10). Having considered the motion, responses and the relevant law, the Court finds that the motions should be granted in part and denied in part.

**Background**

This civil rights action arises out of the alleged wrongful arrest and detention of Darrell Greenwood, a 44-year-old black male, by Officer Abel Rosales, a police officer with the City of Yoakum. Greenwood claims that the City, through Chief of Police Bill Formolo, and because of its deliberate indifference, failed to adequately and properly train or supervise Officer Rosales resulting in Greenwood's arrest and detention in violation of, among other things, his Fourth Amendment rights.

According to Greenwood's Original Complaint (Dkt. No. 1), on September 14, 2005, Officer Rosales was dispatched to the Greenwood residence to respond to a family disturbance call. While in route to the Greenwood residence, Officer Rosales observed Greenwood driving at the posted speed limit in the opposite direction. Shortly thereafter, Officer Rosales activated his patrol car's emergency overhead lights. After noticing that Greenwood had not stopped in reaction to his

emergency lights, Officer Rosales turned his vehicle around and began pursuing Greenwood. Not until some distance had passed did Greenwood first notice Officer Rosales' emergency lights.

Sometime thereafter, Greenwood pulled his vehicle over. Officer Rosales ordered Greenwood out of his vehicle, handcuffed him and placed him under arrest. Following his arrest, Greenwood was incarcerated in the DeWitt County jail for approximately seven days, until his release on or about September 21, 2005. Months later, Greenwood was indicted for evading arrest and/or detention in connection with his arrest on September 14, 2005. Greenwood was ultimately acquitted by order of the court and the charges against him were dismissed.

Greenwood asserts that Officer Rosales' conduct was not justified by probable cause and performed merely to humiliate Greenwood. Greenwood further contends that as Chief of Police, with authority to supervise and train his subordinate law enforcement officers, Chief Formolo failed to implement an effective training program for or provide adequate supervision over his officers, demonstrating reckless or callous indifference to the rights of citizens such as Greenwood. Greenwood maintains that the City of Yoakum's internal policies and procedures, which were adopted with deliberate indifference, brought about these consequences resulting in the deprivation of Greenwood's constitutional rights.

## Standard of Review

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991).

The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Doss v. South Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When presented with a Rule 12(b)(6) motion to dismiss, the district court must examine the complaint to determine if the allegations provide for relief on any possible theory. *Id.*

## Discussion

### I. Claims Against the City of Yoakum

**A. Plaintiff's Failure to State a Claim Against the City Under 42 U.S.C. § 1983**

Greenwood claims that the City of Yoakum is liable pursuant to 42 U.S.C. § 1983 based on its employing policies that resulted in violations of Greenwood's constitutional rights. The City

maintains Greenwood has failed to plead sufficient facts to support such a claim. Greenwood contends that the facts as pled in his Original Complaint are sufficient to state such a cause of action and stresses that because the instant motion was filed before the completion of discovery, it would be improper to prematurely address such factual concerns before summary judgment.

While a municipality may not be liable under section 1983 via a respondeat superior theory, it may be "liable for damages under § 1983 for constitutional violations resulting from official [] policy or custom." *Flores v. Cameron County*, 92 F.3d 258, 263 (5th Cir. 1996); *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 659, 692-94 (1978). To state a section 1983 claim against a municipality, a plaintiff must allege that "1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred [by a person acting under the color of state law]; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996) (citing *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987)). "Acts of *omission*, as well as *commission*, may serve as a predicate for finding a policy or custom." *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 987 (E.D. Tex. 2005) (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 463 (5th Cir.1994)) (emphasis in original). Furthermore, a plaintiff must allege that the municipality's inadequate policy or custom was adopted with deliberate indifference to the constitutional rights of its citizens. *City of Canton v. Harris*, 489 U.S. 378, 387-91 (1989). To state a claim in "failure to train" cases, a plaintiff must allege that a constitutional violation is a highly predictable consequence of that failure. *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 409 (1997).

Courts are not to apply a heightened pleading standard to section 1983 claims against

municipal defendants. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Consequently, a plaintiff need only comply with notice pleading requirements by presenting a "short and plain statement of the claims showing that the pleader is entitled to relief." *Id.*; FED. R. CIV. P. 8(a)(2). "Boilerplate" allegations of inadequate municipal policies or customs are generally sufficient. *See Jacobs v. Port Neches Police Dept.*, No. 1:94-CV-767, 1996 WL 363023, at *13-15 (E.D. Tex. June 26, 1996) (citations omitted); *see also Leatherman*, 507 U.S. at 167-79 (disapproving of the argument that "[t]o establish municipal liability under § 1983 ... a plaintiff must do more than plead a single instance of misconduct").

Here, Greenwood sufficiently alleges the requirements for municipal liability under section 1983. Greenwood asserts that: (1) an internal municipal policy of failing to provide adequate training and education to the City's officers existed (Dkt. No. 1 at 7-8); (2) "inadequate procedures for verifying the identity [of] persons believed to be evading arrest or detention" were in place (Dkt. No. 1 at 8); (3) governmental policy makers actually or constructively knew of the existence of such inadequate policies (Dkt. No. 1 at 5); (4) several constitutional violations occurred that were a direct result of the deficient policies (Dkt. No. 1 at 7-8); (5) the constitutional violations were committed by persons acting under the color of state law (Dkt. No. 1 at 8); and (6) the municipal policies were adopted with deliberate indifference to the rights of citizens (Dkt. No. 1 at 7-8).[1] Greenwood's contentions, while not a model of clarity, are sufficient to allege a cause of action against the City of Yoakum pursuant to section 1983 based on the city's purportedly deficient policies. Thus,

---

[1] Although Greenwood does not explicitly claim that the City's inadequate policies were the "moving force behind" the alleged constitutional infractions or the constitutional violations were a "highly predictable consequence of" the City's policies, his allegations are nonetheless sufficient, particularly in light of the other factual assertions found in his complaint, to withstand Defendants' motion to dismiss. Nonetheless, the Court grants Greenwood leave to amend his complaint to rectify these details.

Defendants' motion to dismiss on the grounds Greenwood failed to state a section 1983 claim against the City is DENIED.

### B. Plaintiff's Failure to State Intentional Tort Claims Against the City

Greenwood brings several common law causes of action against the City including claims of intentional infliction of emotional distress, assault and malicious prosecution. Defendants' contend that Greenwood has failed to plead specific facts to support such a claim. Greenwood failed to address this issue in his response to Defendants' motion to dismiss.

In Texas, a municipality may not be held liable for common law causes of action unless the state legislature expressly gives consent, thereby waiving sovereign immunity. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W. 3d 591, 594 (Tex. 2001); *Univ. of Tex. Med. Branch v. York*, 871 S.W. 2d 175, 177 (Tex. 1994). However, the Texas Tort Claims Act ("TTCA") waives such immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." *See* TEX. CIV. PRAC. & REM. CODE § 101.021. Notably, the TTCA's waiver of immunity does not extend to a plaintiff's claim arising out of an intentional tort. TEX. CIV. PRAC. & REM. CODE § 101.057(2) ("This chapter does not apply to a claim ... arising out of assault, battery, false imprisonment, or any other intentional tort...."); *Pineda v. City of Houston*, 175 S.W.3d 276, 279 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Texas law does not allow a plaintiff to circumvent the TTCA's intentional tort exception by alleging the governmental entity was negligent in training an employee-tortfeasor or by otherwise couching an intentional tort claim in terms of negligence. *See Lopez-Rodriguez v. City of Levelland*, 100 Fed. Appx. 272, 275 (5th Cir. 2004); *Delaney v. Univ. of Houston*, 835 S.W.2d 56, 60 (Tex. 1992).

Greenwood's intentional infliction of emotional distress, assault and malicious prosecution claims are intentional torts and thus excluded from the TTCA's waiver of sovereign immunity. *See Harris v. Francis*, No. 05-99-00866-CV, 2000 WL 175588, at *4 (Tex. App.—Dallas, Feb. 16, 2000, no pet.). Therefore, Defendants' motion to dismiss as to Greenwood's intentional tort claims against the City of Yoakum is GRANTED with prejudice.

**II. Claims Against Individual Defendants**

**A. Plaintiff's Failure to State Claims Against Officer Rosales and Chief Formolo in Their Official Capacities**

Greenwood asserts that Officer Rosales and Chief Formolo, in their official capacity, are liable for Greenwood's constitutional deprivations and the harm resulting therefrom. Defendants contend that because the City is already named as a defendant in this action, the official capacity claims against the individual defendants are redundant and unnecessary. Indeed, "[a]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 171 (1985). Thus, Greenwood's official capacity claims against Chief Formolo and Officer Rosales need not proceed because the City has also been named as a party and no purpose is served by allowing the duplicative claims to advance. Defendants' motion to dismiss Greenwood's claims against the individual defendants in their official capacities is GRANTED with prejudice.

**B. Qualified Immunity as to Plaintiff's Claims Under Section 1983 Against Officer Rosales and Chief Formolo in their Individual Capacities**

Defendants invoke the doctrine of qualified immunity as to Greenwood's section 1983 claims against Officer Rosales and Chief Formolo in their individual capacities. In the alternative,

Defendants seek an order requiring Greenwood to file a reply pursuant to FED. R. CIV. P. 7(a) to the qualified immunity defenses.

The qualified immunity doctrine provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Accordingly, Fifth Circuit courts engage in a two-step process when examining claims of qualified immunity. The first step of the evaluation is whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right. *See Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004); *King v. Chide*, 974 F.2d 653, 657 (5th Cir. 1992). The next step is to determine the reasonableness of the defendant's alleged behavior. *Id.*

An assertion of qualified immunity is not a mere defense to liability, but immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Once a defendant raises the doctrine as a defense, a plaintiff has the burden to demonstrate it is not applicable before the Court can adjudicate the merits of the claim. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). As part of his burden, a plaintiff must comply with a "heightened pleading" standard. *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) ("[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff.") (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)). To satisfy the heightened pleading standard, a plaintiff must plead more than mere conclusions—he must bring forth "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); *see also Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2004).

### 1. Qualified Immunity as to Officer Rosales

Defendants contend that Officer Rosales is entitled to qualified immunity from Greenwood's unlawful arrest and imprisonment claims. Under the clearly-established legal standards of the Fourth Amendment, an arrest must be based on probable cause, which exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 165 (5th Cir. 1997) (citing *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). An individual's right to be free from unlawful arrest is a federally protected right that may constitute grounds for a section 1983 action. *Dennis v. Warren*, 779 F.2d 245, 247-48 (5th Cir. 1985). Moreover, allegations of arrest without probable cause are sufficient to establish a false imprisonment claim under section 1983. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004).

The Court finds that the facts asserted in Greenwood's Original Complaint, *see* Dkt. No. 1 at 3-5, when taken as true and viewed in the light most favorable to the plaintiff, allege with sufficient specificity a violation of the clearly-established constitutional protections against unlawful arrest and imprisonment. Moreover, Greenwood's allegations, if proven, may show that no reasonable person could conclude that Officer Rosales had probable cause to stop, arrest and/or imprison Greenwood. Therefore, Defendants' motion to dismiss as to Greenwood's section 1983 claims against Officer Rosales in his individual capacity is DENIED.

### 2. Qualified Immunity as to Chief Formolo

As Defendants point out, Greenwood does not allege Chief Formolo had any personal involvement in Greenwood's arrest and detention. Indeed, Greenwood's allegations as they relate

to Chief Formolo are solely that he failed to adequately train and/or supervise his subordinate officers, including Officer Rosales. Supervisory officials such as Chief Formolo cannot be liable under section 1983 for the acts of subordinates based on vicarious liability or respondeat superior theories. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Greenwood must instead establish that Chief Formolo's own acts resulted in the deprivation of Greenwood's constitutionally protected rights. *Davis*, 406 F.3d at 381.

Pursuant to a "failure to train or supervise" theory, a plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Id.* (citations omitted). To establish that a municipal actor acted with deliberate indifference, a plaintiff must establish "more than negligence or even gross negligence." *Id.* "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.* (citations and internal quotations omitted).

Although Greenwood generally alleges that Chief Formolo failed to train and supervise his subordinates and his failure to do so led to the deprivation of Greenwood's constitutional rights, *see* Dkt. No. 1 at 5, 8, Greenwood has not supported his conclusory assertions with any factual allegations as to Chief Formolo's involvement. Similarly, the Court cannot identify any facts in Greenwood's pleading that could indicate Chief Formolo's alleged failure to train or supervise amounted to deliberate indifference. The Fifth Circuit "[has] stressed that a single incident is usually insufficient to demonstrate deliberate indifference," and Greenwood's live pleading is limited to just

that—the single incident of his September 14, 2005 arrest and detention. *Davis*, 406 F.3d at 382-83; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 427 (5th Cir. 2006) ("We have frequently held that supervisor liability under section 1983 requires a showing of the supervisor's deliberate indifference to the known or obvious fact that such constitutional violations would result and [t]hat generally requires that a plaintiff demonstrate at least a pattern of similar violations.") (citations and internal quotations omitted). Here, Greenwood does not assert that other, similar complaints have been lodged against officers subordinate to Chief Formolo or that any other such facts exist that might give rise to a finding that Chief Formolo, with deliberate indifference, failed to supervise or train his subordinate officials.

However, rather than dismiss the claims against Chief Formolo, it is ordered that Greenwood file a reply pursuant to FED. R. CIV. P. 7(a) within twenty (20) days of this order and make specific factual allegations therein directed to Defendants' qualified immunity contentions as they relate to Chief Formolo. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). The Court will then consider Greenwood's Rule 7(a) Reply to determine if he has alleged sufficient facts to overcome Chief Formolo's qualified immunity defense. At that time, the Court may also consider whether to allow Greenwood to engage in limited discovery concerning Chief Formolo before ruling on whether he is shielded by qualified immunity. Therefore, Defendants' motion to dismiss as to the section 1983 claims brought against Chief Formolo in his individual capacity is DENIED. Defendants may reurge their motion to dismiss on such grounds following Greenwood's Rule 7(a) reply.

### C. Failure to State a Claim Against the Unnamed Chief of Police

In the first two paragraphs of Greenwood's Original Complaint, he appears to assert a claim

against an unnamed Chief of Police for the City of Yoakum. *See* Dkt. No. 1 at 1-2. Defendants contend that Greenwood fails to assert a factual basis for including the unnamed Chief of Police and otherwise does not specify a legitimate basis to pursue a claim against this unnamed defendant. Greenwood's response fails to address this point in its entirety. Therefore, Defendants' motion to dismiss is GRANTED without prejudice. If Greenwood later unearths an identifiable Chief of Police, other than Chief Formolo, whose actions appear relevant to the claims underpinning this suit, and wishes to add such party as a defendant, Greenwood is free to seek leave to amend his complaint at that time.

### III. Amendment of Pleadings

At the end of his response to Defendants' motion, Greenwood requests that the Court grant him leave to file an amended complaint. Although Greenwood's pleadings are deficient in some respects, dismissal of his Original Complaint is not appropriate at this stage. Rule 15(a), FED. R. CIV. P., directs that "leave [to amend] shall be freely given when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to allow amendment is within the sound discretion of the court, *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994), and in determining whether to allow an amended pleading, the Court must consider undue delay, undue prejudice to the opposing parties, timeliness and the futility of the amendment. *Foman*, 371 U.S. at 182; *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). At this time, none of these factors warrants denying Greenwood an opportunity to amend his Original Complaint. Accordingly, and as noted above, the Court will allow Greenwood an opportunity to file an amended complaint curing the deficiencies identified in this order.

**Conclusion**

The Court finds that:

1. Defendants' motion to dismiss as to Greenwood's section 1983 claim against the City is DENIED.

2. Defendants' motion to dismiss as to Greenwood's intentional tort claims against the City is GRANTED with prejudice.

3. Defendants' motion to dismiss as to Greenwood's claims against the individual defendants in their official capacities is GRANTED with prejudice.

4. Defendants' motion to dismiss as to Greenwood's section 1983 claims against Officer Rosales in his individual capacity is DENIED.

5. Defendants' motion to dismiss as to Greenwood's section 1983 claims against Chief Formolo in his individual capacity is DENIED.

6. Greenwood shall file a Rule 7(a) Reply in accordance with the Court's instructions above.

It is so ORDERED.

Signed this 24th day of April, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE