UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DARRELL GREENWOOD** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. V-07-78** |
| v. | § | |
| | § | |
| **CITY OF YOAKUM, et al.,** | § | |
| | § | |
|     **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Formolo's Supplemental Motion to Dismiss (Dkt. No. 19). Having considered the motion, response, and relevant law, the Court finds that the motion should be granted in part and denied in part.

### Background

This civil rights action stems from the alleged wrongful arrest and detention of Darrell Greenwood, a 44-year-old black male, by Officer Abel Rosales, a City of Yoakum police officer. Greenwood claims that the City, through Chief of Police Bill Formolo, failed to adequately train or supervise Officer Rosales resulting in Greenwood's arrest and detention in violation of, among other things, his Fourth Amendment rights. A more detailed summary of the events giving rise to this litigation has been set forth in an April 24, 2008 Order granting in part and denying in part Defendants' Motion to Dismiss. Dkt. No. 17. Additional facts relevant to the adjudication of this matter are developed below as necessary.

In the April 24, 2008 Order, the Court determined that Greenwood's Original Complaint (Dkt. No. 1) was lacking in some respects and ordered him to file a Rule 7(a) Reply curing the deficiencies identified therein. Although Greenwood did not file a Rule 7(a) Reply as the Court

directed, he did file his First Amended Original Complaint (Dkt. No. 18), which the Court understands to be an attempt at curing the defects pinpointed in the Court's April 24, 2008 Order. The allegations in Greenwood's First Amended Original Complaint supplementing those provided by his Original Complaint can primarily be found in paragraphs 18 through 25, provided below:

> 18. Prior to Plaintiff's September 14, 2005, arrest by Defendant Rosales, *Plaintiff had reported to Defendant Formolo that Plaintiff had been, on several occasions, wrongfully mistreated by officers under Defendant Formolo's control and command. On or about April 7, 2005, Officer Perriman threatened Plaintiff when Officer Perriman told Plaintiff, "I'm going to get you."*
>
> 19. On or about April 8, 2005, *Plaintiff reported to Chief Formolo and the City Manager's office that Plaintiff was having problems with some of the officers with the Yoakum Police Department.* Notwithstanding Plaintiff's report to Defendant Formolo, Defendant Formolo failed to investigate adequately and supervised his subordinate officers and their treatment of Plaintiff.
>
> 20. Defendant Formolo did not train his officers, including Defendant Rosales on techniques and procedures to follow when responding to domestic disturbance calls. Defendant Formolo had a practice or policy that permitted individual officers to decide and/or select who would respond to various calls, including domestic disturbance calls. Although other officers were available, this practice or policy allowed Defendant Rosales to inform the dispatcher that he was going to respond to Plaintiff's wife's September 14, 2005 call to the Yoakum Police Department.
>
> 21. Plaintiff's wife, Jaime Greenwood, is Defendant Rosales' cousin. Nonetheless, Defendant Formolo failed to train or institute any guidelines for his officers, including Defendant Rosales on whether to take a lead or primary role in an investigation where a family member or relative is involved. Moreover, under this practice or policy, Defendant Formolo failed to train his officers, including Defendant Rosales on how an officer's judgment to determine or evaluate probable cause can be compromised or influenced when responding or reacting to a matter involving a family member or relative. What's more, Defendant Formolo did not supervise his officers, including Defendant Rosales, whose response to calls involving family members or relatives, even though Defendant Formolo knew or should have known that Defendant Rosales' arrest of Plaintiff was highly questionable under the circumstances.
>
> 22. As Chief of Police for Yoakum, Defendant Bill Formolo had the power and authority to supervise and duty to train his subordinate law enforcement officers, including Defendant Rosales. As Chief of Police before September 2005 and

thereafter, Defendant Formolo failed to provide adequate training and to implement an effective training program for his officers, including Defendant Rosales.

23. On matters involving the elements of certain offenses and arrest procedures, Defendant Formolo knew or should have known that Defendant Rosales did not have sufficient, effective, or adequate training with respect to making criminal charges against persons such as Plaintiff, on matters concerning evading arrest or detention.

24. Defendant Rosales' inadequate training on arrest procedures, including arrests connected with domestic disturbance calls was the product of Defendant Formolo's inaction to properly train his subordinate police officers, including Defendant Rosales. When Defendant Rosales first saw Plaintiff on September 14, 2005, Defendant Rosales' inadequate training impaired his judgment which caused Defendant Rosales to make up a charge to arrest Plaintiff before Defendant Rosales investigated the circumstances prompting the call from Plaintiff's wife.

25. Defendant Formolo's actions not to provide sufficient and necessary training for his police officers, including Defendant Rosales on arrest procedures for alleged conduct not committed in the presence of the officer demonstrate reckless or callous indifference as to the rights of citizens, including Plaintiff. *While in custody at the police station, Plaintiff spoke with Defendant Formolo and informed him that Plaintiff's arrest was unlawful and without probable cause. At that time, Plaintiff asked Defendant Formolo for Plaintiff's immediate release, but Defendant Formolo refused and failed to act.* Moreover, even though Defendant Formolo had reason to doubt the validity or basis of Plaintiff's arrest, Defendant Formolo did not take any steps to rectify the situation or discipline Defendant Rosales.

Dkt. No. 18 ¶¶ 18-25 (emphasis added).

**Standard of Review**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of*

*Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 1974; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

## Discussion

As noted in the Court's April 24 Order, the qualified immunity doctrine provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity grants protected individuals immunity from suit rather than mere defense against liability, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), and once a defendant invokes the doctrine, a plaintiff has the burden to demonstrate it is not applicable before the Court can adjudicate a claim on its merits. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). To defeat qualified immunity, a plaintiff must allege a violation of a clearly established

constitutional or statutory right and establish that the government official acted unreasonably in carrying out his function. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004); *King v. Chide*, 974 F.2d 653, 657 (5th Cir. 1992). Moreover, to overcome this burden at the pleading stage, a plaintiff must comply with a "heightened pleading" standard. *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) ("[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff.") (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)). To satisfy this heightened standard, a plaintiff must plead more than bare conclusions—he must bring forth "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); *see also Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2004).

Greenwood seeks to hold Chief Formolo liable for both his supervisory actions and direct involvement in Greenwood's arrest and detention. However, vicarious liability or respondeat superior theories are insufficient to hold liable under § 1983 supervisory officials such as Chief Formolo. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Rather, Greenwood must establish that Chief Formolo's own action—or inaction—caused the deprivation of Greenwood's constitutional rights. *Davis*, 406 F.3d at 381; *see also Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (to succeed on a claim for supervisory liability, a plaintiff must show "either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation."). Greenwood can make such a showing by alleging that Chief Formolo was directly involved in the deprivation of his constitutional rights or failed to train and/or supervise

subordinate officers, leading to the deprivation of his constitutional rights.

When proceeding under a "failure to train or supervise" theory, a plaintiff must establish that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Id.* (citations omitted). " '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). To establish that a municipal actor acted with deliberate indifference, a plaintiff must establish "more than negligence or even gross negligence." *Davis*, 406 F.3d at 381. The Fifth Circuit has held that "proof of a single violent incident ordinarily is insufficient" for liability; rather, the "plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured.' " *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998) (quoting *Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989)). Additionally, to establish deliberate indifference, a plaintiff must show that "the failure to train reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights." *Id.* at 799.

**A. Greenwood's Claims as they Implicate Chief Formolo Pursuant to a "Failure to Train or Supervise" Theory**

Greenwood first attempts to hold Chief Formolo liable under a failure to train or supervise theory. The factual allegations charging Chief Formolo with acting with deliberate indifference toward Greenwood's rights are primarily found in paragraphs 18 and 19 of Plaintiff's First Amended Complaint. *See* Dkt. No. 18 ¶¶ 18, 19. Greenwood's allegations that "Plaintiff had reported to Defendant Formolo that Plaintiff had been, on several occasions, wrongfully mistreated by officers under Defendant Formolo's control and command;" another officer—presumably under Chief

6

Formolo's control—threatened "to get" Greenwood; and "Plaintiff reported to Chief Formolo and the City Manager's office that Plaintiff was having problems with some of the officers with the Yoakum Police Department," although somewhat broad, are sufficient at this time to allow the failure to train or supervise claim to proceed. *Id.*

Chief Formolo, largely relying on *Roberts v. City of Shreveport*, contends that Greenwood's allegations are far too general and tangential to the injuries complained of here to give rise to a failure to train or supervise claim. 397 F.3d 287, 294-95 (5th Cir. 2005) (holding that summary judgment should be granted as the plaintiff's "proffered evidence of pattern requires an excessively high level of generality, as it consists of a handful of tangentially related incidents, some of which do not even involve [the officer-defendant]."). However, the *Roberts* opinion, like many of the cases cited in Chief Formolo's brief, was issued in the context of resolving a motion for summary judgment. This case has obviously not progressed to that stage, and as alleged, Greenwood's prior reports to Chief Formolo and the City of Yoakum could potentially support "a pattern of similar incidents in which [] citizens were injured." *Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989). At the least, Greenwood's assertions entitle him to discovery related to whether Chief Formolo's actions, when viewed in light of Greenwood's prior complaints of police misconduct, preclude him from the protection provided by qualified immunity. Greenwood's allegations, when taken as true and all inferences therefrom are made in his favor, may be sufficient to establish "a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381-82 (5th Cir. 2005) (citations and internal quotations omitted). Accordingly, to the extent Chief Formolo's motion seeks dismissal of Greenwood's failure to train or supervise claim, the motion is

denied.

**B. Greenwood's Claims as they Implicate Chief Formolo Based on His Direct Involvement in Greenwood's Arrest and Detention**

Greenwood also seeks to hold Chief Formolo liable under § 1983 because of his direct involvement in Greenwood's arrest and detention. Greenwood bases this theory on the allegation that "[w]hile in custody at the police station, Plaintiff spoke with Defendant Formolo and informed him that Plaintiff's arrest was unlawful and without probable cause. At that time, Plaintiff asked Defendant Formolo for Plaintiff's immediate release, but Defendant Formolo refused and failed to act." Dkt. No. 18 ¶ 25.

It is clear from the facts alleged that Chief Formolo in no way affirmatively participated in Greenwood's arrest. Although the Court has held that the events giving rise to Greenwood's initial arrest and detention, as plead, could possibly be shown to be unsupportable by probable cause, *see* Dkt. No. 17, the facts alleged as they concern Chief Formolo's purported discussion with Greenwood are less inculpatory.

To the extent Greenwood's assertions seek to establish that Chief Formolo was without probable cause to continue Greenwood's arrest and detention, his claims fail as he asserts nothing that could undermine Chief Formolo's belief that Officer Rosales acted lawfully in arresting and detaining Greenwood. Courts look to the totality of the circumstances when determining whether arguable probable cause exists, and the defense of qualified immunity fails only when "it is obvious that a reasonably competent officer would find no probable cause." *Mendenhall v. Riser*, 213 F.3d 226, 230-32 (5th Cir. 2000) (quoting *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." *Id.* at 231 (quoting

*Illinois v. Gates*, 462 U.S. 213, 241 (1983)). The Court therefore must engage in "practical, common-sense [determination] whether given all of the circumstances" a reasonable officer in Chief Formolo's position could have believed "there is a fair probability" that Greenwood was arrested and/or detained without probable cause. *Id.*

Greenwood's allegations fall short of indicating Chief Formolo reasonably could have suspected probable cause was lacking or that Officer Rosales otherwise acted unlawfully. Greenwood's mere bringing to Chief Formolo's attention a complaint that he believed he was wrongfully arrested and detained is insufficient to make such a showing. Thus, Chief Formolo cannot be held liable for any direct involvement in Greenwood's alleged constitutional deprivations.

To the extent Greenwood's allegations can be interpreted as a "failure to protect" claim—in that Greenwood appears to attempt to indicate that through Chief Formolo's negligent supervision, he failed to protect Greenwood from unlawful arrest and detention—such a claim also fails. Although "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of [e.g.,] excessive force may be liable under section 1983," *Hale v. Townley*, 45 F.3d 919, 919 (5th Cir. 1995), such bystander liability claims are unsupportable against supervisors who are not present at the scene of arrest. *Lopez v. City of Houston*, Civ. A. No. 03-2297, 2005 WL 1770938, at * 27 (S.D. Tex. 2005). As the *Lopez* court aptly stated, such claims "are legally indistinguishable from [] failure to supervise claims." *Id.* Accordingly, Greenwood's attempt to hold Chief Formolo liable under 1983 on the basis of his conversation with Greenwood is unsuccessful.

## Conclusion

Based on the foregoing, the Court finds that Defendant Formolo's Supplemental Motion to

9

Dismiss (Dkt. No. 19) should be **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

**SIGNED** this 17th day of October, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE